1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID JACK ROGERS,

          Petitioner,

      v.

DOUG WADDINGTON,

          Respondent.

Case No.  C05-5332FDB

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**DECEMBER 23rd, 2005**

      This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. The petitioner is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

INTRODUCTION AND SUMMARY CONCLUSION

      Petitioner challenges a 2000 Pierce County conviction by jury trial for one count of manufacture of a controlled substance, methamphetamine.  The crime was committed September 5th, 1998.  The court sentenced petitioner to 96 months confinement on August 11th, 2000.  Having reviewed the petition, the answer, and the remainder of the file the court concludes two of the issues raised are barred, and the remaining two issues are without merit.  Stone v. Powell, 428 U.S. 465 (1976).  The petition should be **DISMISSED**.

<u>FACTS</u>

The respondent sets forth the facts as follows:

Early in the morning of September 5, 1998, a newspaper delivery person contacted the Pierce County Sheriff Department to report a suspicious gas cloud and odor coming from property owned by James Gasaway's parents. Exhibit 3A, Unpublished Opinion, at 1-2; Exhibit 3B, Unpublished Opinion, Westlaw version, at 1. The delivery person associated the odor with the manufacture of methamphetamine (meth).

Deputies and the fire department responded to the call. Exhibit 3B at 1. Two of the deputies had prior experience investigating methamphetamine labs, and one also had extensive experience dealing with hazardous chemicals in general. <u>Id.</u> at 2.

As the deputies approached the gated driveway located approximately 50 feet from the roadway, they detected a strong smell of ammonia and other chemicals associated with the manufacture of methamphetamine. Sargent became concerned about the potential health and safety risks associated with the fumes and chemicals. <u>Id.</u>

Gasaway and William Fedderson met the deputies as they approached the driveway gate. The deputies went around the gate on a worn pathway and spoke to the two men. David Rogers, whom Deputy Winthrop Sargent had seen near the residence when they first approached, walked away as the deputies talked to the other men. Deputy Sargent became concerned about Rogers' whereabouts. <u>Id.</u>

The deputies told the men that they were concerned about the fumes, the potential methamphetamine laboratory, and public health and safety. The deputies noticed that the odor and effect of the fumes became stronger as they proceeded up the driveway; the fumes began to give them headaches. <u>Id.</u>

Gasaway told the deputies that he did not want them to search the property because of the possible presence of stolen cars. Deputy Brian Witt reassured Gasaway that they were concerned only about the fumes and were not there to investigate possible stolen vehicles. <u>Id.</u>

While Deputy Witt and Deputy John Heacock continued to speak to the men, Deputy Sargent walked up the driveway and around a mobile home on the property where he observed several propane-type pressurized cylinders, a can of carburetor cleaner, several unmarked five gallon buckets, miscellaneous glassware, and several unmarked plastic chemical containers similar to those that contain chemicals related to the manufacture of methamphetamine. The deputies arrested the three men on outstanding warrants and then obtained a search warrant for the property based in part on the items Deputy Sargent had observed when he walked around the property. A subsequent search of Rogers' vehicle revealed numerous items used in the manufacture of methamphetamine. <u>Id.</u>

The State charged Rogers with unlawful manufacturing of a controlled substance. Rogers moved to suppress the evidence discovered in his vehicles and on the Gasaway property, arguing that the deputies illegally obtained the information that was in the probable cause affidavit. He contended that he had standing to challenge the search because he had paid Gasaway to allow him to repair his car on the property after it had broken down outside the property. <u>Id.</u>

The trial court found that Rogers did not have standing to object to the search and that, even if he did, the deputies entered the property under the emergency exception and discovered the items that supported the search warrant in plain view. Accordingly, the trial court issued the findings of fact and conclusions of law that the search warrant was based upon probable cause, that the search of the property was lawful, that the search of Rogers' person was lawful as incident to arrest, and that the items seized in the search were admissible. <u>Id.</u> at 2-3. The trial court denied the motion to suppress. <u>Id.</u> at 3.

1    Rogers' defense at trial was that he was present merely to repair his vehicle
and that he was not on the site to participate in a methamphetamine manufacturing
2    operation. To support this argument, Rogers' counsel told the jury during his opening
statement that Rogers' girlfriend would testify that he spent the preceding night at
3    home and did not leave until after the gas cloud was reported. Rogers testified to this
effect but his counsel did not call the girlfriend. Id. at 3-4.
4    Gasaway testified for the State. He asserted that he had allowed Rogers to
manufacture methamphetamine on the property in exchange for a supply of drugs.
5    But Gasaway asserted his Fifth Amendment privilege when Rogers' counsel attempted
to ask him about past drug labs on the property. Id. at 4.
6    The jury convicted Rogers as charged. Id.[1]

7    (Dkt. # 17, Exhibit 3B, Westlaw printout of the unpublished opinion).

8    <u>PROCEDURAL HISTORY</u>

9    Petitioner filed a direct appeal through counsel and argued:

10    The trial court erred in denying Roger's motion to suppress evidence of a
methamphetamine lab where the warrant to obtain evidence of same was issued based
11    on information that was obtained after the Deputies illegally entered the premises and
searched Roger's vehicle.

12    (Dkt. # 17, Exhibit 4, page 2).

13    Petitioner also filed a pro se brief in which he argued:

14    1.    Ineffective assistance of counsel
15    A.    Failure to prepare.
B.    Failure to investigate.
16    C.    Failure to subpoena witnesses.

17    2.    Abuse of discretion.

18    (Dkt. # 17, Exhibit 6, page 1).

19    The state court of appeals affirmed the conviction and sentence.  (Dkt. # 17, Exhibit 3A and

20    3B).  Petitioner filed a motion for reconsideration which was denied.  (Dkt. # 17, Exhibits 8 and 9).

21    Petitioner filed for discretionary review and raised the following issues:

22    1.    Ineffective assistance of counsel in that counsel failed to subpoena and present an alibi
witness.

23    2.    Did defendant have a legitimate expectation of privacy on the property?

24    3.    The court erred in failing to suppress evidence improperly obtained.

25    (Dkt. # 17, Exhibit 10, page I and II). The state supreme court denied review without comment.

26

27    [1]Respondent has submitted the Westlaw version of the unpublished opinion and indicates the
state court of appeals record sent to the Attorney General's Office has a page missing.  Petitioner has
28    not objected and does not contest the accuracy of the record.

REPORT AND RECOMMENDATION Page - 3

1    (Dkt. # 17, Exhibit 11).  Petitioner filed two personal restraint petitions which were consolidated.

2    (Dkt. # 17, Exhibits 13 and 14).

3        In the petition filed March 15th, 2004 petitioner raised the following issues:

4        1.    Whether Roger's Washington State Constitutional Art. 1 § 7 and
     United States Constitutional Fourth Amendment rights were violated
5    by the illegal search that was conducted by the Pierce County Sheriffs
     Department?

6

7            a.    Does Rogers have standing to challenge the search of
     his property located on the Gasaway property where
     Rogers paid rent and had a reasonable expectation of
8    privacy in his vehicles located thereforth[sic]?

9        2.    Whether Rogers' received Ineffective Assistance of Counsel by:

10           a.    Trial Counsel's failure to invoke Rogers' confrontation
     rights of witness D'angelo-Wencel, where her tip led to
11   the investigation and subsequent search of the Gasaway
     property;

12
             b.    Failing to request a franks[sic] hearing to determine the
13   veracity of D'angelo-Wencel's credibility:

14           c.    Failing to request a continuance for defense witness
     Michelle Logan who would have provided an alibi for
15   Rogers' activities prior to the search;

16           d.    Failing to apply the Aguilar-Spinnelli test to the
     newspaper delivery person's (D'angelo-Wencel) tip at
17   the Motion to Suppress hearing, which resulted in an
     illegal search warrant.

18
         3.    Whether Rogers received ineffective assistance of appellate counsel?
19
         4.    Whether the Trial Court erred and abused it's discretion by:
20
             a.    Considering the facts listed in the warrant application
21   and affidavit that were either incomplete, or inaccurate
     to the point of being deceptive, or not specific enough
22   to constitute probable cause.

23   (Dkt. # 17, Exhibit 13, page 3 and 4).

24       In the petition filed April 19th, 2004 petitioner raised one additional claim:

25       1.    Whether Petitioner's Sixth Amendment Right to be Confronted with
     the witness against him was Violated [sic] by the Trial Court?
26
     (Dkt. # 17, Exhibit 14, page 3).  On November 30th, 2004 the state court of appeals dismissed the
27
     consolidated petitions.  (Dkt. # 17, Exhibit 17).  Petitioner filed for discretionary review and raised
28

the following issues:

1. The illegal search of Mr. Rogers' vehicle parked on the Gasaway's personal property violated the Fourth and Fourteenth Amendments of the United States Constitution and the Washington State Constitution Art. 1 § 7.

   a. Mr. Rogers' was not provided Procedural Due Process of the Fourteenth Amendment of the Federal Constitution, by not being properly notified or properly served a legitimate Search Warrant of his personal property in his name.

   b. Mr. Rogers has a reasonable expectation of privacy in premises where he had friendship with the owner of the property, Mr. James Gasaway, the Petitioner's Fourteenth Amendment of the United States Constitution and Washington States Constitution Art.1§7 was violated.

2. Mr. Rogers, has a right to Effective Assistance of Counsel guaranteed by The Sixth and Fourteenth Amendment's of the United States Federal Constitution.  (For any Criminal Proceedings).

   a. Trial Counsel failed to invoke Mr. Rogers rights of The Confrontation Clause, whereas, witness Ms. D'angelo-Wencel tip led to the investigation and subsequent searches of Mr. Rogers' vehicle.

   b. Trial Counsel failed to move the Court for a "Franks" hearing to determine the Validity[sic] of Deputy Witt's testimony.

   c. Trial Counsel failed to file a Subpoena, to have defense witness Ms. Michelle Logan, appear to testify.

   d. Trial Counsel failed to challenge at the Suppression Hearing (Superior Court Rule 3.5) the credibility of Ms. D'angelo-Wencel's statement (informant).

   e. Mr. Rogers', Appellant Counsel abandoned an issue to raise, as the Right of Standing to Challenge the Search Warrant.

3. The Trial Court Abused it's Discretion, when considering facts of the Warrant and Affidavit that were incomplete or inaccurate.  The Trial Court erred in finding sufficient Probable Cause for the Search Warrant.

4. The Trial Court abused it's Discretion, allowing (hearsay) Testimony of Ms. D'angelo-Wencel, throughout the entire Trial to be used, without her physical presence, ( hearsay violation). A United States Federal violation of the Sixth Amendment of the Constitution, and Article I § 22 of the Washington State Constitution.

(Dkt. # 17, Exhibit 18, pages ii and iii).  On April 8th, 2005 the state supreme court denied review.

(Dkt. # 17, Exhibit 19). This petition followed and petitioner raises four issues:

1. Unlawful search and seizure of Rogers' car:

1
    (a)    Rogers was not served with the search warrant;
    (b)    There was no consent to the search;

2
    (c)    Exigent circumstances did not justify the warrantless search;
    (d)    The community caretaking function exception did not justify the warrantless

3
            search.

4
    2.    Ineffective assistance of counsel at trial and on appeal:

5
    (a)    Failure to invoke Rogers' right of confrontation of the 911 caller;
    (b)    Failure to move for a "Franks" hearing;

6
    (c)    Failure to subpoena the 911 caller, Ms. Wencel;
    (d)    Failure to subpoena Rogers' girlfriend, Ms. Logan;

7
    (e)    Abandonment by appellate counsel of standing issue.

8
    3.    The trial court abused its discretion by finding sufficient probable cause for the search warrant.

9

10
    4.    Confrontation Clause violation in the admission of the 911 caller's statement in her call.

11
(Dkt #1).  Respondent has answered and concedes that the issues raised are exhausted within the

12
meaning of 28 U.S.C. § 2254 (e).  (Dkt. # 16, page 5).

13
EVIDENTIARY HEARING NOT REQUIRED

14
In its' Order Directing Service and Response, the court directed respondent to state in his

15
response whether or not an evidentiary hearing was necessary.  Accordingly, respondent has

16
informed the court that he does not think an evidentiary hearing is required.  The function of an

17
evidentiary hearing is to try issues of fact, such a hearing is unnecessary when only issues of law are

18
raised. *See e.g*. Yeaman v. United States, 326 F.2d 293 (9th Cir. 1963).  After careful review of the

19
record, the undersigned judge concludes that there are no relevant factual disputes to resolve in order

20
for the court to render its decision in this case.  Accordingly, an evidentiary hearing was not

21
conducted.

22
STANDARD

23
Federal courts may intervene in the state judicial process only to correct wrongs of a

24
constitutional dimension.  Engle v. Isaac, 456 U.S. 107 (1983).  Section 2254 is explicit in that a

25
federal court may entertain an application for writ of habeas corpus "only on the ground that [the

26
petitioner] is in custody in violation of the constitution or law or treaties of the United States."  28

27
U.S.C. § 2254(a).  The Supreme court has stated many times that federal habeas corpus relief does

28
not lie for mere errors of state law.  Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S.

1  37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

2         A habeas corpus petition shall not be granted with respect to any claim adjudicated on the

3  merits in the state courts unless the adjudication either  (1) resulted in a decision that was contrary

4  to, or involved an unreasonable application of, clearly established federal law, as determined by the

5  Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the

6  facts in light of the evidence presented to the state courts.  28 U.S.C. §2254(d).  Further, a

7  determination of a factual issue by a state court shall be presumed correct, and the applicant has the

8  burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C.

9  §2254(e)(1).

10                              DISCUSSION

11         A.      Fourth Amendment Search Claims. Issues 1 and 3.

12         Respondent notes that under the Supreme Court holding in Stone v. Powell, 428 U.S. 465

13  (1976), this court is precluded from considering petitioner's Fourth Amendment challenges to the

14  search of Gasaway's property and petitioners' car.  The Court in Powell held that where a plaintiff

15  has had a full and fair opportunity to litigate his Fourth Amendment claims in state court, the federal

16  court is precluded from hearing the claims because the claims are not actually based on the Fourth

17  Amendment but on the exclusionary rule.  The public policy behind exclusion of the evidence is

18  furthered by allowing the arguments to be raised and the rule applied in state court but not by

19  allowing a federal court to apply the rule through a writ of habeas corpus.  Powell, 428 U.S. at 493.

20  Respondent's argument is well taken and the court should not consider claims relating to the search

21  of Rogers' car or the issuance of the search warrant.  Accordingly, petitioner's first and third claim

22  should be **DISMISSED WITH PREJUDICE**.

23         B.      Assistance of Counsel Claim 2 (a through e).

24         In order to establish ineffective assistance of counsel, a petitioner must show that counsel's

25  representation fell below an objective standard of reasonableness and that the deficient performance

26  affected the result of the proceeding.  Strickland v. Washington, 466 U.S. 668, 686 (1984).

27         Under the first prong of the Strickland test, the question is whether counsel's assistance was

28  reasonable under the totality of the circumstances, viewed as of the time of counsel's conduct.

REPORT AND RECOMMENDATION Page - 7

1   Strickland, 466 U.S. at 690.  To succeed under the first prong, the petitioner must show the

2   attorney's conduct reflects a failure to exercise the skill, judgment, or diligence of a reasonably

3   competent attorney.  United States v. Vincent, 758 F.2d 379, 381 (9th Cir.), cert. denied, 474 U.S.

4   838 (1985).  There is a strong presumption that counsels conduct was the product of sound trial

5   strategy.  Strickland, 466 U.S. at 690.

6         Under the second prong, the petitioner must demonstrate prejudice, that but for counsel's

7   unprofessional errors, the result would have been different.  Strickland, 566 U.S. at 694.  however,

8   sheer outcome determination is not sufficient to make out a Sixth Amendment violation; a proper

9   prejudice inquiry focuses on whether counsel's errors or omissions rendered the proceeding

10  fundamentally unfair or the result unreliable.  Lockhart v. Fretwell, 506 U.S. 364 (1993).

11        Petitioner's claims fail on either prong. The defense in this case was that the plaintiff was on

12  the Gasaway property to work on his car and that he had no part in the methamphetamine lab located

13  on the property.  (Dkt. # 17, Exhibit 3).  The only claim petitioner asserted on direct appeal was that

14  counsel was ineffective in not calling his girlfriend to testify.  The state court of appeals considered

15  plaintiffs issues on direct appeal.  The court identified the proper standard of review and held:

16        ...Rogers must overcome a strong presumption that counsel's representation
    was effective.  He may do so by showing that counsel lacked a legitimate reason for
17  his prejudicial acts and omissions.  But on appeal, we will not consider allegations
    that are not supported by evidence in the trial court record.

18
19        Here, the record contains no information as to why counsel did not call
    Rogers' girlfriend.  Thus, Rogers has failed to overcome the strong presumption that
20  counsel either properly attempted to obtain this testimony or declined to do so for a
    tactical reason.

21  (Dkt. # 17 Exhibit 3, citations omitted).  The state court of appeals holding is neither contrary to, nor

22  an unreasonable application of, clearly established federal law, as determined by the Supreme Court.

23  Further, the ruling is a  reasonable determination of the facts in light of the evidence presented to the

24  state courts.

25        Petitioner re-raised his ineffective assistance of counsel claim and added several other claims

26  of ineffective assistance of counsel in his personal restraint petitions.  (Dkt. # 17, Exhibits 13 and

27  14).  The state court of appeals held:

28        ...Rogers contends his counsel was deficient in (1) failing to cross-examine the

REPORT AND RECOMMENDATION Page - 8

1

2

3

informant on the warrant, thereby violating the Confrontation Clause... (2) failing to request a 'Frank's Hearing'; and (3) failing to request the court apply the Aguilar-Spinelli test to the informant's tip.  Because Rogers lacked standing to challenge the warrant or the search, any of these requests by counsel would be futile.

4

5

6

7

Additionally, Rogers argues his counsel was ineffective in failing to request a continuance in order for Logan to provide alibi testimony.  He includes two affidavits from Logan regarding her whereabouts on September 4, and 5, 1998, stating it is newly discovered evidence.  Logan's affidavits state she was not subpoenaed, arrived late to court, and was not allowed to testify.  Additionally, she explains that Rogers was at his home the evening of September 4, 1998 and was taken to the Gasaway property around 7:30 AM on September 5, 1998 to retrieve his car that had been left there.

8

9

10

11

In reviewing a claim of ineffective assistance, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  If counsels conduct can be characterized as legitimate trial strategy or tactics, then it cannot serve as the basis for a claim of ineffective assistance.  Rogers cannot show omitting Logan's testimony was not a legitimate trial strategy or tactic or that it would have changed the outcome of the trial if believed.  Thus, the ineffective counsel claim fails.

12

13

Rogers also claims ineffective assistance of appellate counsel.  To succeed on a claim of ineffective assistance of appellate counsel, he must show that (1) the legal issue which appellate counsel failed to raise had merit, and (2) he was actually prejudiced by the failure to raise it.

14

15

16

17

18

19

Rogers faults his appellate attorney for abandoning the issue of a privacy interest in his vehicle.  He cites the direct appeal opinion saying, "This was ineffective assistance of Appeal Counsel, prejudicing Mr. Rogers.'  Had appellate counsel not abandoned this issue, the court would likely have ruled in Mr. Rogers; favor."  The opinion actually stated, "Below Rogers asserted that he had a privacy interest in the property itself because he had paid Gasaway so he could leave his vehicle on the property.  He abandoned this argument on appeal."  The opinion concluded  Rogers failed to establish a reasonable expectation of privacy in the Gasaway property and therefore lacked standing to challenge the search of his vehicle.  The privacy interest lacks merit and Rogers was not prejudiced when it was abandoned.

20

21

22

23

24

25

26

(Dkt. # 17, Exhibit 17).  The actual ruling of the state court of appeals on direct appeal included a

lengthy discussion as to whether petitioner had any legitimate expectation of privacy in the Gasaway

property.  The court opined that even assuming Mr. Rogers' had paid to store his vehicle on the

Gasaway property while he worked on it, his property interests did not rise to any reasonable

expectation of privacy in the Gasaway property.  Thus he did not have standing to challenge the

incidents that lead to issuance of the search warrant and his counsel was not ineffective.  (Dkt. # 17,

Exhibit 3A, page 7 through 8).

27

28

As petitioner lacked standing to challenge the warrant in this case counsel was not ineffective

in failing to confront the 911 caller, failing to move for a "Franks" hearing, or failing to subpoena

REPORT AND RECOMMENDATION Page - 9

1  Ms. Wencel.  Additionally appellant counsel was not ineffective in abandoning the standing argument

2  as the privacy interest asserted was insufficient to support a reasonable expectation of privacy in the

3  property.  Issues 2 a, b, c, and e are without merit.

4        Further, Mr. Rogers has not shown the testimony of his girlfriend would have changed the

5  outcome of the trial given that the "search of Rogers' vehicle revealed numerous items used in the

6  manufacture of methamphetamine."  (Dkt. # 17, Exhibit 3A, page 3).  Petitioner has failed to show

7  counsels performance fell below an acceptable level.  Petitioner has not shown the state court rulings

8  to be contrary to, or an unreasonable application of, clearly established federal law, as determined by

9  the Supreme Court.  Nor has petitioner shown the rulings to be an unreasonable determination of the

10  facts in light of the evidence presented to the state courts.  The ineffective assistance of counsel

11  claims are without merit.

12        C.    Confrontation clause.

13        Separate from his ineffective assistance of counsel claim, petitioner argues his right to

14  confront witnesses was violated by allowing admission of the hearsay statements of the person who

15  first reported the gas cloud on September 5th, 1998.

16        Counsels' waiver of any objection regarding this issue was reasonable trial strategy as the

17  defense was not to deny the presents of a meth lab or gas cloud but to claim the petitioner was not

18  involved.  Further, petitioner lacked standing to challenge the issuance of a search warrant for the

19  property or to challenge the factual assertions that led to issuance of the warrant.  The state court

20  was correct to dismiss this issue.

21                                        CONCLUSION

22        This petition is without merit.  Accordingly, the petition should be **DISMISSED WITH**

23  **PREJUDICE.**  A proposed order accompanies this report and recommendation.

24        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

25  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.

26  R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

27  appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

28  72(b), the clerk is directed to set the matter for consideration on **December 23rd,  2005**, as noted in

REPORT AND RECOMMENDATION Page - 10

1    the caption.

2

3            DATED this 5th day of December, 2005.

4

5

6

7

8                                                    Karen L. Strombom
                                                     United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28